IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

SILAS CHIDZIVA,            )
                           )
    Petitioner,            )
                           )
v.                         )        Case No. 4:13-CV-00339-JHH-TMP
                           )
ERIC H. HOLDER, JR.,       )
ATTORNEY GENERAL, *et al.*,)
                           )
    Respondents.           )

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In this action for habeas corpus relief under 28 U.S.C. § 2241, petitioner, Silas Chidziva, seeks relief in the form of release pending his deportation to Zimbabwe pursuant to an order of deportation. When petitioner filed the instant action, he was being held in the Etowah County Detention Center, located within this district. On July 11, 2013, respondents filed a motion to dismiss the action as moot, supported by evidence, asserting that the petitioner has been released and was no longer in the custody of the Department of Homeland Security.

**MOOTNESS**

At the time petitioner filed the § 2241 petition, he was confined as an immigration detainee. In the motion to dismiss the petition as moot, the respondents demonstrated through the declaration of Adam Austin that petitioner was formally removed from the United States on April 4, 2013. Accordingly, it appears clear that petitioner has received the relief he sought, and there is no longer any case or controversy between the parties. The petition seeking release pending deportation is therefore moot and is due to be dismissed.

**RECOMMENDATION**

1

Because the instant petition is moot, the magistrate judge RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as MOOT.

## NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court.  **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.**  Failure to do so will bar any later challenge or review of the **factual findings or legal conclusions** of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).  In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to the petitioner at his most recent known address and to serve a copy upon the U.S. Attorney for the Northern District of Alabama.

DATED this 11th day of July, 2013.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE